DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| In re: | Civil Action No. 3:2014-0012 |
| **JEFFREY J. PROSSER,** | Bankruptcy No. 2006-30009 |
|  | Chapter 7 |
| Debtor. |  |

**Attorneys:**
**Norman A. Abood, Esq.,**
Toledo, OH
**Robert F. Craig, Esq.,**
Omaha, NE
**Lawrence H. Schoenbach, Esq.,**
New York, NY
    *For Jeffrey J. Prosser*

**Dawn Prosser,** *Pro Se*
Palm Beach, FL

**Yann Geron, Esq.,**
New York, NY
**Samuel H. Israel, Esq.,**
**William H. Stassen, Esq.,**
Philadelphia, PA
**Bernard C. Pattie, Esq.,**
St. Croix, U.S.V.I.
    *For the Chapter 7 Trustee*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the appeal of an Order entered on January 17, 2014 by the Bankruptcy Division of the District Court of the Virgin Islands ("Bankruptcy Court"), which denied the Joint Motion of Debtor Jeffrey J. Prosser ("Prosser") and his wife, Dawn Prosser (collectively, the "Prossers") for an "Order Directing the Trustee to Provide a Complete

Accounting of All Assets Seized or Otherwise Obtained or Controlled by Him" ("Motion for Accounting"). (Bankruptcy Case 06-30009, Dkt. No. 4334). For the reasons that follow, the Court will dismiss the appeal.

## I. PROCEDURAL HISTORY

In July 2006, Prosser, as an individual debtor, and two companies he owned, each filed voluntary petitions for bankruptcy protection under Chapter 11 of the Bankruptcy Code. (Case Nos. 06-bk-30009, 06-bk-30007, and 06-bk-30008, respectively). Jeffrey Prosser's individual Chapter 11 case was subsequently converted to a Chapter 7 liquidation proceeding on October 3, 2007. (06-bk-30009, Dkt. No. 865). James P. Carroll ("Carroll" or "Trustee") was appointed as Chapter 7 Trustee on October 31, 2007. (Dkt. No. 949).

### A. The Judgment against Dawn Prosser

In February 2008, Carroll filed an adversary proceeding in Bankruptcy Court against Dawn Prosser seeking, *inter alia*, to avoid Prosser's allegedly fraudulent transfers of estate property to his wife, Dawn Prosser, or for her benefit. (Adv. Proc. No. 08-ap-3006). Dawn Prosser filed a motion to withdraw the reference of the adversary proceeding to the Bankruptcy Court and to have the matter tried in District Court. (08-cv-147, Dkt. No. 1). The motion was granted and a jury trial was held in this Court in June 2011. (Dkt. No. 65-68, 72, 73). The jury returned a verdict in favor of Carroll, and a $14,888,812.02 judgment was entered against Dawn Prosser on August 5, 2011 (Dkt. No. 85), which was affirmed on appeal to the Third Circuit.

On September 6, 2012, the Bankruptcy Court issued an Order in the Bankruptcy Case requiring the Trustee to file an Interim Summary of Asset Sales and Distributions in relation to the Chapter 7 estate, which would identify "all funds collected by the estate; all distributions of proceeds of liquidated assets made by the estate. . . and any and all distributions that remain to be

made." (06-bk-30009, Dkt. No. 3884). The Trustee filed the report on September 25, 2012, consisting of an eight-page summary of asset sales and distributions (the "Summary"); a six-page report detailing all estate assets being administered in the case (a "Form 1 Report")[1]; and a 115-page quarterly report summarizing all activity, by asset category, from the inception of the case through June 30, 2012, along with four of the most recent individual quarterly reports. (Dkt. No. 3915). The Summary indicated that the Trustee would continue to file interim reports with the Office of the United States Trustee ("UST") as well as a summary of the assets being administered by the estate, and a final report and accounting once the administration of the Estate is completed. (*Id.* at 7).

On May 29, 2013, in response to a Bankruptcy Court Order, the Trustee filed an updated accounting of the Chapter 7 estate "reflecting how all of the proceeds collected at auction of estate property are distributed to various asset categories." (Dkt. No. 4215).[2]

**B. The Motion for Accounting**

On December 16, 2013, the Prossers filed their Motion for Accounting. (Dkt. No. 4325).

---

[1] According to the Trustee, the Form 1 Report is submitted annually to the Office of the United States Trustee ("UST") and reflects "all current activity and will be updated by the Trustee at the end of the year and resubmitted to the Office of the UST along with a Form 2, which reflects and provides a detailed list of all transactions made (cash received, cash paid, bank fees, interest, and transfers between accounts etc.) throughout the course of the case." (Dkt. No. 3915 at 2).

[2] The accounting provided four different charts. The first chart included various categories of items (judgments, furnishings, antiques, etc.) with columns indicating Trustee value/amount of award; proceeds from auctions; other collections; application of Dawn [Prosser] funds; and funds remaining to be collected. (Dkt. No. 4215-1 at 1). The second chart set out the amounts received and allocated at personal property auctions from Christie's and Auction America during the time period in question. (Dkt. No. 4215-1 at 2). The third chart showed cash receipts and disbursements (Dkt. No. 4215-1 at 3). The fourth chart, an "Individual Estate Property Record and Report," provided an asset description (such as art work awarded as Judgment against Dawn Prosser, Clothing, Palm Beach Property) with columns for value, estimated net value, and funds received by the Estate, and an indication of whether the asset was fully administered or gross value of the remaining assets, with explanatory notes. (Dkt. No. 4215-1 at 4-8).

According to the Prossers, Dawn Prosser's judgment had already been satisfied based on assets the Trustee had seized and sold. However, in order for the Prossers to know how much property the Trustee had seized in excess of the judgment, they needed the Trustee to provide the Court and the parties with

> a complete, detailed accounting of the assets he retains, and an accounting of the proceeds of the sale of any assets administered, which accounting is requested to include the gross amount of proceeds of sale as to each asset sold, a detailing of the application of the gross proceeds of sale of each asset sold, and as to any assets not yet sold, the current location of each such asset, the amount of storage or other custodial charges accruing, if any, as to each such asset and the current fair market value of each such asset.

(*Id.* at 2-3).

The Trustee opposed the motion, arguing that he reported annually to the UST regarding the status of the Chapter 7 case, and would continue to do so; that he had recently provided the information sought by the Prossers through the updated accounting filed on May 29, 2013; and that the judgment against Dawn Prosser remained outstanding in the amount of $14.59 million. (Dkt. No. 4329 at 2).

The Bankruptcy Court held a hearing on the Motion for Accounting on January 16, 2014. (Dkt. No. 4355). At the hearing, the Prossers' counsel stated that he had received an updated accounting from the Trustee on January 15, 2014, but had not had a chance to review it to determine whether it satisfied the relief the Prossers were seeking in their motion. He asked that the hearing be continued. (*Id.* at 4-5, 8). In denying the Motion, the Bankruptcy Court ruled:

> I'm not sure that you're entitled to an accounting from the trustee. The trustee is obligated to provide accountings, in accordance with the United States Trustee's office procedures, and that is it. I think that they have provided you with information that you believe is relevant, but I don't think they have any further obligation to do it. . . . So I'm inclined just to deny the motion outright.

(*Id.* at 11).

The Order denying the motion was entered the next day—January 17, 2014. (Dkt. No. 4334), after which the Prossers timely filed their Notice of Appeal. (Dkt. No. 1 in 14-cv-0012).

**C. Briefs on Appeal**

In their brief on appeal, the Prossers cite 11 U.S.C. § 704[3] and Fed. R. Bankr. P. 2015[4] as authority for requiring the Trustee to provide a complete accounting of the assets seized from them. (14-cv-0012, Dkt. No. 11 at 4). They assert that the issue on appeal is: "[w]hether the Bankruptcy Court erred as a matter of law in denying Appellants' Motion seeking an accounting of the over $30 million in assets jointly owned by Mr. and Mrs. Prosser seized, or sold, and the application of the proceeds thereof to amounts claimed due to the Estate of Jeffrey J. Prosser by Dawn Prosser?" (*Id.* at 5).[5]

In his Brief, the Trustee notes that he provided an updated and complete accounting on

---

[3] Title 11, § 704, entitled "Duties of trustee," provides, in pertinent part:
   The trustee shall—
   \* \* \*
   (2) be accountable for all property received;
   \* \* \*
   (7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest[.]

11 U.S.C. § 704(a)(2), (7).

[4] Fed. R. Bankr. P. 2015, entitled "Duty to Keep Records, Make Reports, and Give Notice of Case or Change of Status," provides, in pertinent part:

   A trustee or debtor in possession shall:
   \* \* \*
   (2) keep a record of receipts and the disposition of money and property received[.]

Fed. R. Bankr. P. 2015(2).

[5] The Prossers raised another issue on appeal regarding whether the Bankruptcy Court erred in denying their motion for a "stay" until the estate demonstrated that there remained a balance due on the judgment owed by Dawn Prosser to the Estate. (14-cv-0012, Dkt. No. 11 at 5).

5

May 29, 2013; that despite having access to the publicly-available accounting, the Prossers filed the Motion for an Accounting in December 2013; and that because he had provided the Prossers with another updated accounting and report on all estate assets as of July 8, 2014, attached to his brief on appeal, the issues appealed by the Prossers were rendered moot. (Dkt. No. 15 at 5).[6]

**D. District Court Order and Supplemental Briefing**

On March 16, 2017, the District Court entered an Order which provided, in relevant part:

> It appears that the January 17, 2014 Order appealed from is not a final order or judgment in this case, and therefore cannot be appealed from as of right, pursuant to § 158(a)(1). If that is the case, this Court would not have jurisdiction over the appeal unless it fit within the requirements for an interlocutory appeal pursuant to § 158(a)(3) and the Court exercised its discretion to entertain the appeal. However, neither part has briefed the issue of whether the Court has jurisdiction over this appeal.

(Dkt. No. 29 at 2). The Court ordered the parties to submit briefs by March 23, 2017 addressing whether the January 17, 2014 Order was a final order pursuant to § 158(a)(1) or, if not, whether it met the requirements for the Court to exercise its discretion to entertain an interlocutory appeal pursuant to § 158(a)(3). (*Id.*) The parties timely filed their supplemental briefs.

In their brief, the Prossers argue that the Trustee is statutorily required to be accountable for all property received, pursuant to 11 U.S.C. § 704(a)(2) and (7), and Bankruptcy Rule 2015; "[t]here is no reason to doubt that an order of the bankruptcy court denying a claimed absolute right is final"; and "orders either granting or denying access to court records are appealable as final orders." (Dkt. No. 32 at 3). Further, the Prossers assert that the impact on the assets of the estate caused by the denial of the Motion for Accounting would, more than likely, affect the distribution of the debtor's assets and the relationship among creditors because the accounting would have

---

[6] The Trustee attached a 115-page "Interim Report and Accounting" (a 25-page Form 1 and an 86-page Form 2) to his brief on appeal for the period ending July 8, 2014. (Dkt. No. 15-1).

6

defined for all parties the composition of the debtor's estate for ultimate disposition. (*Id.* at 4).

The Trustee asserts that the Bankruptcy Court Order was an interlocutory order. (Dkt. No. 31 at 3-6). Because the Prossers did not obtain the requisite leave from the Bankruptcy Court to appeal that interlocutory Order under 28 U.S.C. § 158(a)(3), the District Court could not entertain their interlocutory appeal; but even if they had obtained leave, the Order did not meet the requirements for the District Court to entertain an interlocutory appeal. (*Id.* at 6-8). As a result, the Trustee argues that the District Court should dismiss the appeal for lack of jurisdiction. (*Id.* at 8).

## II.     APPLICABLE LEGAL STANDARDS

The District Court of the Virgin Islands has jurisdiction to review the Orders of its Bankruptcy Division pursuant to 28 U.S.C. § 158(a). The statute provides, in pertinent part, that the district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, pursuant to § 158(a)(1), and with leave of the court, from interlocutory orders and decrees, pursuant to § 158(a)(3).

"'[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.'" *White-Squire v. U.S. Postal Service*, 592 F.3d 453, 456 (3d Cir. 2010) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)); *VeraSun Energy Corp. v. West Plains Co.* (*In re VeraSun Energy Corp.*), 2013 WL 3336870, at *2 (D. Del. June 28, 2013) (citing 28 U.S.C. §§ 157(a) and 1334(b)); *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376-77 (1940).

While the Third Circuit has "traditionally applied a relaxed standard of finality in bankruptcy cases," based on "pragmatic considerations unique to this area of the law," *Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 250 (3d Cir. 2000), it has also expressed its "general reluctance to adopt an expansive interpretation of

finality." *In re Brown*, 803 F.2d 120, 122 (3d Cir. 1986) (internal citations omitted). The policy underlying the relaxed finality standard is "'to quickly resolve issues central to the progress of a bankruptcy.'" *Segal v. Holber (In re Segal)*, 2014 WL 1123276, at *5 (E.D. Pa. Mar. 20, 2014) (quoting *In re Armstrong World Indus., Inc.*, 432 F.3d 507, 511 (3d Cir. 2005)).

In deciding whether a Bankruptcy Court Order is final for purposes of district court jurisdiction, "four factors are pertinent: (1) The impact on the assets of the bankrupt estate; (2) Necessity for further fact-finding on remand; (3) The preclusive effect of [the appellate court's] decision on the merits of further litigation; and (4) The interest of judicial economy." *Buncher Co.,* 229 F.3d at 250 (citing *Official Comm. v. Westmoreland Cnty. MH/MR*, 183 F.3d 273, 277 (3d Cir. 1999)). The most important factor is the impact on the bankruptcy estate. *Id.*

If an Order is not final but interlocutory, such an order is not normally appealable unless the proponent receives leave of court to appeal pursuant to § 158(a)(3). Under that subsection, a district court is allowed "to exercise discretionary appellate jurisdiction of interlocutory orders." *United States v. Dershaw (In re Rosen)*, 560 B.R. 415, 419 (E.D. Pa. 2016).[7]

In addition, "[g]ranting an interlocutory appeal is appropriate only where a party 'establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment.'" *Id.* at 421 (quoting *In re Del. & Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd* 884 F.2d 1383 (3d Cir. 1989)). In this regard,

---

[7] Bankruptcy Rule 8004, entitled "Appeal by Leave—How Taken; Docketing the Appeal," sets forth the requirements for a motion for leave to appeal pursuant to § 158(a)(3). It provides that a party must file not only a notice of appeal, but also "a motion for leave to appeal prepared in accordance with subdivision [8004](b)." Fed. R. Bankr. P. 8004(a)(2). Rule 8004(b)—entitled "Contents of the motion"— states that a motion for leave to appeal under § 158(a)(3) must "include the following: (A) the facts necessary to understand the question presented; (B) the question itself; (C) the relief sought; (D) the reasons why leave to appeal should be granted; and (E) a copy of the interlocutory order or decree and any related opinion or memorandum." Fed. R. Bankr. P. 8004(b)(1).

> [w]hile there are no clear statutory criteria for a § 158(a)(3) analysis, the Third Circuit has used the factors in 28 U.S.C. § 1292(b) to determine whether to invoke discretionary jurisdiction. . . . These factors are (1) whether a controlling question of law is involved; (2) whether there are substantial grounds for a difference of opinion as to the question of law; and (3) whether an immediate appeal would materially advance the termination of the litigation. All three conditions must be met before a court may certify an order for interlocutory appeal.

*Id.* (internal citations omitted).

### III. DISCUSSION

**A. The Finality of the Bankruptcy Court's January 17, 2014 Order**

As set forth in *Buncher*, a district court must consider four factors when determining whether a Bankruptcy Court Order is final for purposes of appeal. Based on a consideration of these factors, the Court concludes that the Order at issue is not a final Order.

The first factor—the impact on the assets of the bankruptcy estate—weighs against the Court finding that the January 17, 2014 Order is final. In assessing this factor, a court considers whether "the issue is likely to affect the distribution of the debtor's assets, or the relationship among the creditors"; and, if so, "the most pragmatic response will usually be to hear the appeal immediately." *In re Brown*, 803 F.2d at 122; *see also In re Rosen*, 560 B.R. at 420.

Aside from the wholly conclusory statement that "the bankruptcy court's failure to order Trustee Carroll to account for the assets he has collected is more than *likely* to affect the distribution of the debtor's assets and relationships among creditors," (Dkt. No. 32 at 4), the Prossers' offer only the following one-sentence argument on the first factor: "The requested accounting will define for all parties in interest the composition of debtor's estate for ultimate disposition." (*Id.*)[8] However, the Prossers' cryptic argument fails to explain how an accounting

---

[8] Indeed, this is the only factor that the Prossers address of the four *Buncher Co.* factors which must be met in order for a bankruptcy court order to be deemed final.

9

regarding the composition of the debtor's estate at a given point in time is anything more than "a step along the way to final disposition," which the Third Circuit found in *In re Jeannette Corp.*, 832 F.2d 43, 46 (3d Cir. 1987), to be interlocutory in nature. Indeed, the Prossers' articulation of their argument underscores the non-final nature of the Order in its acknowledgment that the "ultimate disposition" is yet to come at some undefined point in the future. (Dkt. No. 32 at 4). Thus, the Bankruptcy Court's January 2014 Order denying the Motion for Accounting was merely a step along the litigation road in this case, and "did not implicate any issues central to the progress of the proceedings." *Segal*, 2014 WL 1123276, at *5; *see In re Rosen*, 560 B.R. at 420 (opining that an appeal, "which deals only with the question of whether the IRS should be compelled to produce a detailed privilege log, is an action many steps removed from any monetary consequence or effect on the debtor's assets."). Accordingly, the first factor weighs against classifying the Bankruptcy Court's Order as final, and militates against this Court having jurisdiction over the appeal.

The second factor—whether an appeal would ultimately require further fact-finding on remand—weighs in favor of considering the Bankruptcy Court's Order as final. The Trustee argues that no further fact-finding is necessary on the Motion for Accounting, particularly where the motion was mooted by the production of the requested accounting. However, if no further fact-finding is required, that weighs in favor of finality, not against it. *Stanziale v. Brookfield Equinox, LLC (In re EP Liquidation, LLC)*, 2015 WL 4634834, at *3 (D. Del. Aug. 4, 2015).

The third factor— the preclusive effect of the appellate court's decision on the merits of further litigation—weighs against a finding of finality. The Bankruptcy Court's Order denying a further accounting is not a "preemptive ruling on the merits of th[e] action," *EP Liquidation*, 2015 WL 4634834, at *3, or on any "claim or cause of action." *In re Jeannette Corp.*, 832 F.2d at 46. It

10

is simply a ruling on a procedural motion that has no preclusive effect on the merits of further litigation. *See In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008) ("This order cannot plausibly be termed final as it was solely related to the conduct or progress of litigation before the bankruptcy court and did not dispose of any discrete claim or cause of action."). *Cf. Twin City Pipe Trades Serv. Ass'n v. Fred Plaas Plumbing & Heating Co., Inc.*, 815 F.2d 58, 60, 61 (8th Cir. 1987) (finding in non-bankruptcy civil litigation context that order granting audit was analogous to order "granting discovery or an accounting, which have been held not to be final appealable orders") (citing cases). In view of this fact, any ruling by this Court on the appeal of the Bankruptcy Court's Order would similarly have no preclusive effect on the merits of further litigation.

The final factor—the interest of judicial economy— also weighs against considering the Bankruptcy Court's Order as final. The Prossers have not provided any rationale or authority—nor can they—for the proposition that this piecemeal appeal of a procedural ruling would further the interest of judicial economy. In addition, the issue presented—whether the Trustee should file an additional accounting—could be mooted (and may already have been mooted) by the Trustee's interim reports and final accounting. *In re Rosen*, 560 B.R. at 421. In the Court's view, allowing this appeal to proceed would waste judicial and estate resources, since no substantive issue is presented, or would be advanced, by addressing it.

In sum, the Court finds that a consideration of the relevant factors weighs in favor of the conclusion that the Order at issue is not a final Order. Indeed, the Prossers' Motion for Accounting is similar to a motion to compel seeking certain information from the Trustee. In *In re Jeannette Corp.*, the bankruptcy court denied the debtor's motion to compel the trustee to perform certain duties, including providing an accounting for all property received and disposed of, and providing certain other information to the debtor. The bankruptcy court found that the debtor's counsel had

adequate information and the trustee had properly performed his duties to that point. *In re Jeannette Corp.,* 832 F.2d at 46. In affirming the district court's decision to dismiss the appeal of the interlocutory order, the Third Circuit wrote:

> The motion at issue parallels and may be considered in the same category as a request for discovery. The order of the district court does not dispose of a claim or cause of action; it only acts to guide the parties toward resolution of the substantive issues in the case. Clearly, if in the course of litigation further action or additional information from the trustee is required, the bankruptcy judge is free to direct appropriate action. The denial of a motion filed by the debtor's counsel amounts to nothing more than a step along the way to final disposition; thus it is interlocutory.

*Id.* The Court finds that this analysis applies to the Order here as well.

Moreover, the Court rejects as inapposite the Prossers' argument that the Trustee's reports are "judicial records" to which they are entitled, and therefore orders denying such access are appealable final orders. They cite, *inter alia, In re Motions for Access of Garlock Sealing Techs., LLC,* 488 B.R. 281 (D. Del. 2013). (Dkt. No. 32 at 3-5). In that case, the bankruptcy court denied access to the debtor to materials filed in other bankruptcy cases that were only available by permission of the court. On appeal, the district court cited case law providing that orders "denying access to court proceedings or records are appealable as final orders." *Id.* at 291. It is quite clear, however, that the Bankruptcy Court here did not deny the Prossers access to "court proceedings or records." *Id.* Instead, the Bankruptcy Court declined to order the Trustee to create a record to the Prossers' liking based on the request that they submitted.

In view of the foregoing, the Court concludes that the Bankruptcy Court's January 17, 2014 Order appealed to this Court is a non-final interlocutory order.

### B. Discretionary Appeal pursuant to § 158(a)(3)

Having concluded that the order appealed from is interlocutory, the Court must consider whether to exercise discretionary jurisdiction pursuant to § 158(a)(3). Under that statute, a district

court may hear an appeal of an interlocutory order "with leave of court." Neither in their brief on appeal nor in their supplemental brief did the Prossers address this issue. Nevertheless, Fed. R. Bankr. P. 8004(d) provides that, "[i]f an appellant timely files a notice of appeal under this rule but does not include a motion for leave, the district court . . . may order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it." Thus, the Court will examine the three requirements for exercising discretionary jurisdiction: "(1) whether a controlling question of law is involved; (2) whether there are substantial grounds for a difference of opinion as to the question of law; and (3) whether an immediate appeal would materially advance the termination of the litigation." *In re Rosen*, 560 B.R. at 421. The Court finds that the January 17, 2014 interlocutory Order does not meet the requirements to entertain the appeal under the test set forth in *In re Rosen*.

No controlling question of law or substantial grounds for a difference of opinion as to the question of law is involved in this appeal. The January 17, 2014 Order simply denied the Prossers' Motion for Accounting. During the hearing on the motion, the Bankruptcy Court indicated that the Trustee had provided the Prossers with accountings, and was not obligated to file additional accountings. Even the statute cited by the Prossers as the basis for their appeal, 11 U.S.C. § 704, provides, in pertinent part, that the trustee shall, "*unless the court orders otherwise*, furnish such information concerning the estate and the estate's administration as is requested by a party in interest[.]" 11 U.S.C. § 704(a)(7). Here, the Bankruptcy Court in its discretion, ordered otherwise. *See Speleos v. McCarthy*, 201 B.R. 325, 328 (D.D.C. 1996) (observing that the language of § 704(a)(7) "clearly gives the bankruptcy court discretion to impose restrictions on the information that must be furnished" to the debtor). The Prossers offer no argument, much less any citation to case law, concerning how a controlling question of law may be involved in this case, or the grounds

for a difference of opinion on controlling law. In addition, nothing in their brief or supplemental brief elucidates how an immediate appeal of this order would have advanced, let alone materially advanced, the termination of the litigation, and the Court can unearth no such rationale.

In sum, the burden to establish that this Court should entertain an interlocutory appeal falls on the Prossers, and they have not met their burden. They have also failed to demonstrate that "exceptional circumstances" exist here to justify the Court exercising its discretion to entertain this interlocutory appeal.

Accordingly, the Court will decline to exercise jurisdiction over this interlocutory, non-final order, and will dismiss the appeal for lack of jurisdiction.

### C. Additional Motions before District Court

While this matter has been on appeal to this Court, the Prossers have filed a "Motion for Judicial Notice and Motion for a Stay of All Collection Efforts" (Dkt. No. 22), and a "Motion to Expedite their Previously Filed Motion for Judicial Notice and Motion for a Stay of all Collection Efforts." (Dkt. No. 27). The Trustee opposed both motions. (Dkt. Nos. 23, 28). Because the Court is dismissing the appeal, the Court will deny these motions as moot.

### IV. CONCLUSION

For the reasons set forth above, the Court will dismiss the appeal of the January 17, 2014 Bankruptcy Court Order for lack of jurisdiction, and will dismiss the Prossers' Motions for a Stay of Collection Efforts as moot.

An appropriate Order accompanies this Memorandum Opinion.

March 31, 2017 _____/s/_____
                                                                                                            WILMA A. LEWIS
                                                                                                            Chief Judge